IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>RAMY KHALIL,<br><br>and<br><br>JIHAN GHANIM,<br><br>    Defendants. | Case No. 2:22-cv-01899-WB |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Ramy Khalil and Jihan Ghanim (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully move this Court for an order staying discovery pending the Court's decision on Defendants' Motion to Dismiss Plaintiff's Complaint.

The specific grounds for this motion are set forth in Defendants' Memorandum of Law, which is filed concurrently herewith and is incorporated by reference as if fully stated herein.

Dated: July 29, 2022

Respectfully submitted,

**ELLIOTT GREENLEAF, P.C.**

*/s/ Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI
Pennsylvania Bar No. 53901
STEVEN C. TOLLIVER, JR.
Pennsylvania Bar No. 327165
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
(215) 977-1000
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>   Plaintiff,<br><br> v.<br><br>RAMY KHALIL,<br><br>and<br><br>JIHAN GHANIM,<br><br>   Defendants. | Case No. 2:22-cv-01899-WB |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

I.      STANDARD OF REVIEW ............................................................................................. 3

II.     THE BALANCE OF INTERESTS WEIGHS IN FAVOR OF A STAY OF DISCOVERY .................................................................................................................... 5

        A.  The Court's Granting of a Stay Will in No Way Prejudice Plaintiff…………………………………………………..……………………… 5

        B.  Defendants Will Be Subjected to Undue Prejudice If a Stay is Not Granted..…… 6

        C.  Judicial Economy Weighs in Favor of a Stay of Discovery Where Defendants' Motion to Dismiss Will Dispose of the Case………………………………..... 7

CONCLUSION ............................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ........................................................ 4, 8

*Babalola v. Donegal Mut. Ins. Co.*,
   2008 WL 5278393 (M.D. Pa. Dec. 18, 2008) ............................................................................ 4

*Barbieri v. Wells Fargo & Co.*,
   2012 WL 3089373 (E.D. Pa. July 27, 2012) .............................................................................. 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................... 8

*Bridges v. Astrue*,
   2013 WL 12158126 n.2 (E.D. Pa. Aug. 21, 2013) ..................................................................... 6

*Brown v. Fisher,*
   *2015 U.S. Dist. LEXIS 56927, at *2-3 (M.D. Pa. Apr. 301, 2015)* ............................................ 3

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
   264 F.3d 344 (3d Cir. 2001) ....................................................................................................... 3

*Levey v. Brownstone Inv. Grp., LLC*,
   590 F. App'x 132 (3d Cir. 2014) ................................................................................................ 5

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ............................................................................................ 4, 8

*McLafferty v. Deutsche Lufthansa A.G.*,
   2008 WL 4612856 (E.D. Pa. Oct. 15, 2008) ........................................................................... 4, 7

*Perelman v. Perelman*,

　2011 WL 3330376 (E.D. Pa. Aug. 3, 2011) ............................................................................. 4, 8

*Pfizer Inc. v. Johnson & Johnson*,

　2018 WL 1071932 (E.D. Pa. Feb. 27, 2018) ..................................................................... *passim*

*Quad/Tech, Inc. v. Q.I. Press Controls B.V.*,

　2010 WL 11474403 n.1 (E.D. Pa. June 9, 2010) ......................................................................... 6

*Rodriguez v. Long*,

　2009 WL 10678172 (M.D. Pa. Nov. 13, 2009) ........................................................................... 6

*Weisman v. Mediq, Inc.*,

　1995 WL 273678 (E.D. Pa. May 3, 1995) ............................................................................. 5, 8

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................................ 7

Fed. R. Civ. P. 26(c)(1) ..................................................................................................................... 3

Fed. R. Civ. P. 26(d)(1) ..................................................................................................................... 5

Fed. R. Civ. P. 26(f) ................................................................................................................ *passim*

Defendants Ramy Khalil and Jihan Ghanim ("Defendants", "Defendant Khalil", or "Defendant Ghanim") respectfully move to stay discovery pending the Court's decision on Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 12).

## **INTRODUCTION**

Defendants filed a Motion to Dismiss that is dispositive of the entire case – the Motion outlines why the Complaint should be dismissed under Rule 12(b)(6) for failure to state a cause of action under the Telephone Consumer Protection Act ("TCPA"), and for failure to state a cause of action under the Pennsylvania Telemarketer Registration Act.  Plaintiff's claims are based on four (4) calls that are not actionable under the TCPA or any state statute because they were not made to encourage Plaintiff to make a purchase or invest in anything, and therefore do not constitute telemarketing or telephone solicitations.  Indeed, among other issues, Plaintiff admits two of the calls were made by individuals other than Defendant Khalil or Defendant Ghanim, does not plead facts that establish either Defendant physically placed any of the calls at issue or hold an agency relationship with those that did, and does not plead facts sufficient for the Court to make a plausible inference that any of the calls were made using an Automatic Telephone Dialing System ("ATDS").

Now, even before the parties have completed their Rule 26(f) conference, Plaintiff pushes forward for discovery, burdening this Court, Defendants, AND third-parties.  This Court may, under its broad discretion to control the course of a case, stay discovery pending its determination of Defendants' Motion to Dismiss and any response in opposition thereto.  This Court has previously acknowledged Plaintiff's penchant for filing threadbare complaints and expressed its concern that Plaintiff employs a litigation strategy designed to drive up the costs of litigation and pressure defendants to settle despite a patently frivolous complaint.

1

In the instant case, where Plaintiff attempts to employ the same strategy before the completion of the parties' Rule 26(f) conference, Defendants were compelled to file the instant motion, and the Court should stay discovery to prevent Plaintiff from engaging in such conduct.

## FACTUAL BACKGROUND

Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint sets forth Defendants' arguments for dismissal, and thus, here, Defendants only outline the facts relevant to the instant Motion to Stay Discovery.

The parties began their Rule 26(f) conference on July 25, 2022, wherein Defendants' counsel advised Plaintiff of Defendants' position that their Motion to Dismiss would dispose of all claims, and that, absent an order noticing an impending Rule 16 conference with the Court, it was premature to even consider the call a Rule 26 conference. Defendants' counsel also proposed that Plaintiff agree to stay discovery pending the Court's decision on the Motion to Dismiss and continue the conference at a later date after the Court issues a Rule 16 order. Plaintiff declined to stay discovery but agreed to continue the conference to a date after the Court issues a Rule 16 order, briefly mentioned his plans for discovery and communicated a settlement offer, and followed up the conference with an email stating as much. *See* Exhibit "A" (July 25, 2022 Email Thread).

True to form, approximately four (4) hours after his follow-up email, Plaintiff began to propound discovery on Defendants' counsel: emailing two subpoenas directed to third-parties for the production of documents, as well as the "First Set of Discovery to Defendant Jihan Ghanim" and the "First Set of Discovery to Defendant Ramy Khalil".[1] As the court previously

---

[1] In all, Plaintiff allegedly issued (affidavit of service not provided) two subpoenas on third-parties, and propounded 10 interrogatories, 16 multifaceted requests for production of documents, and 12 requests for admissions on each Defendant. *See* Exhibit "B", the third-party

2

recognized in a prior case involving Plaintiff, "his request for jurisdictional discovery would impose further transactional costs on [defendants]…**consistent with Plaintiff's aggressive style of litigation, and concern arises that this represents a strategy of pressuring these defendants to settle independent of the merits of the case**." *Perrong v. REWeb Real Estate LLC*, No. 2:19-cv-04228-GAM (McHugh, J., 8/21/2020 Memorandum Opinion, at *5; granting defendants' motion to dismiss and denying Plaintiff's request to conduct jurisdictional discovery) (emphasis added). In the very same case, Judge McHugh previously ordered Plaintiff to submit an affidavit under oath as to the specific basis for a generic allegation in his complaint regarding jurisdiction and suspended all proceedings including discovery.[2]

## ARGUMENT

### I.   STANDARD OF REVIEW

Although, generally, "the court should not automatically stay discovery because a party has filed a motion to dismiss," this Court may exercise its discretion to stay discovery upon a showing of good cause in particular circumstances relevant to an individual case. *Pfizer Inc. v. Johnson & Johnson*, 2018 WL 1071932, at *1 (E.D. Pa. Feb. 27, 2018) (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) and Fed. R. Civ. P. 26(c)(1)); *Brown v. Fisher*, 2015 U.S. Dist. LEXIS 56927, at *2-3 (M.D. Pa. Apr. 301, 2015) (citation omitted) ("The Court has broad discretion to stay discovery pending resolution of a dispositive motion."). A stay of discovery is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay.

---

subpoenas and the "First Set of Discovery to Defendant Jihan Ghanim" and the "First Set of Discovery to Defendant Ramy Khalil".

[2] *Id.* (McHugh, J., 12/20/2019 Order). Judge McHugh later noted that Plaintiff Perrong's affidavit in support of jurisdiction was "long on argument and short on facts." *Id.* (McHugh, J., 8/21/2020 Memorandum Opinion, at *4).

*Pfizer Inc.*, 2018 WL 1071932, at *1; *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 1954, 173 L.Ed.2d 868, 888 (2009)) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."); *Brown*, 2015 U.S. Dist. LEXIS 56927, at *2-3 (same).

In considering the likelihood that a pending motion will result in a narrowing or outright elimination of discovery, courts are not required to form an opinion on the merits of the underlying motion. *Perelman v. Perelman*, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) (citation omitted). "Rather, we consider the scope of the motion and ask whether it may potentially lead to the end of the case, and whether it will provide the parties with full knowledge as to which claims [if any] are viable and, correspondingly, as to what discovery need occur." *Id.* (citation and internal quotation marks omitted). Courts balances "the competing interests of each party to determine whether the benefits of [the] stay outweigh the likely harm to the plaintiff." *Perelman*, 2011 WL 3330376 at *1 (quoting *Babalola v. Donegal Mut. Ins. Co.*, 2008 WL 5278393, at *1 (M.D. Pa. Dec. 18, 2008)); *Pfizer Inc.*, 2018 WL 1071932 at *1 ("In other words, the court should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of the stay.") (citation and internal quotation marks omitted).

Particularly, courts weigh the following factors: (1) any potential prejudice of a delay of proceedings to the party opposing the stay; (2) the burden of discovery on the moving party, including the scope of any proposed discovery; and (3), the convenience to the court in the management of its cases, and the efficient use of judicial resources (i.e., the potential that the motion to dismiss will dispose of the entire case and eliminate the need for discovery). *See, e.g.*, *Pfizer Inc.*, 2018 WL 1071932 at *1-2; *McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856,

at *2 (E.D. Pa. Oct. 15, 2008) (citation omitted). Where the motion to dismiss has the potential to dispose of the entire case and thus eliminate the need for discovery, "the balance will generally lean in favor of staying discovery." *Pfizer Inc.*, 2018 WL 1071932 at *1 (citing *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). Additionally, the Third Circuit has recognized that Rule 12(b)(6) motions to dismiss "should typically be resolved before discovery begins." *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (citation omitted).

## II. THE BALANCE OF INTERESTS WEIGHS IN FAVOR OF A STAY OF DISCOVERY.

Here, where Defendants' pending Motion to Dismiss has the potential to dispose of the entire case, the balance of considerations outlined in the above standard weighs heavily in favor of a stay of discovery. Here, the parties commenced but have not completed their Rule 26(f) conference, therefore, Plaintiff is prohibited from seeking discovery from any source. *See* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Moreover, discovery is not needed to rule on the Motion to Dismiss and there is no particularized harm that could be prejudicial to Plaintiff. Conversely, the burden of responding to unwarranted discovery is substantial on Defendants AND the subpoenaed third-parties. Furthermore, judicial economy weighs in favor of a stay where Defendants' Motion to Dismiss has the potential to eliminate the need for any discovery.

### A. The Court's Granting of a Stay Will in No Way Prejudice Plaintiff.

Plaintiff will suffer no prejudice should this Court stay discovery pending its determination of Defendants' Motion to Dismiss because Plaintiff has articulated no concern for time-sensitive evidence, and Plaintiff can properly seek discovery in the event, though unlikely, that Defendants' Motion to Dismiss is denied.

In fact, to date, Plaintiff has provided no reason why discovery should commence or why a stay of discovery would prejudice him. *See Bridges v. Astrue*, 2013 WL 12158126, at *1 n.2 (E.D. Pa. Aug. 21, 2013) (where plaintiff provided no reason why they would be unable to discover information after the court decided the motion to dismiss, the court found that the stay would not prejudice plaintiff ); *Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, 2010 WL 11474403, at *1 n.1 (E.D. Pa. June 9, 2010) (granting a motion to stay after finding that the plaintiff "advanced no prejudice argument other than delay in pursuing the suit" and noting that the plaintiff "made no allegation that the stay would result in dissipation of assets, loss of evidence, or other similarly severe consequences"); *Rodriguez v. Long*, 2009 WL 10678172, at *4 (M.D. Pa. Nov. 13, 2009) (finding no prejudice to plaintiff reasoning plaintiff could seek discovery if the motion to dismiss was denied).

Accordingly, this Court should grant a stay of discovery because a pause of the proceedings will not prejudice Plaintiff in this regard.

**B. Defendants Will Be Subjected to Undue Prejudice If a Stay is Not Granted.**

Plaintiff is no stranger to proceedings in the Eastern District of Pennsylvania, and the court has previously admonished Plaintiff for improper litigation tactics that demonstrate his clear intent to extract a settlement payout before engaging in proper proceedings regarding the actual merits of his case. Instead of allowing the Court to consider the merits of his case, Plaintiff attempts to extract a settlement out of Defendants under the guise of propounding wholly unnecessary and irrelevant discovery requests.

A mere four (4) hours after beginning but not completing the Rule 26(f) conference, Plaintiff emailed Defendants' counsel two subpoenas on third-parties, propounded unnecessary and irrelevant written discovery requests on Defendants, husband and wife, neither of whom are

engaged in the business of telemarketing. In regards to the non-party subpoenas, Plaintiff intends to discover and examine irrelevant call records reflecting information recorded over the span of four years (from May 12, 2018 to present) while the first call at issue was purportedly made a little over a year ago (June 29, 2021).

Allowing Plaintiff to drive up the costs of litigation by requiring Defendants and third-parties to engage in unnecessary, irrelevant discovery before the completion of the parties Rule 26(f) conference – all to serve Plaintiff's interest in extracting a settlement payout – is contrary to the court's proper proceedings and must be prevented. Not only will this discovery be expensive to the individual Defendants, but it will be worthless if, as Defendants argue in their Motion to Dismiss, none of the four (4) calls at issue are actionable as a matter of law.

Accordingly, this Court should grant a stay here to prevent Plaintiff from engaging in an unwarranted fishing expedition at the expense of this Court, individual Defendants Khalil and Ghanim, and third-parties.

### C. Judicial Economy Weighs in Favor of a Stay of Discovery Where Defendants' Motion to Dismiss Will Dispose of the Case.

As provided by Federal Rule of Civil Procedure 1, the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. *See* Fed. R. Civ. P. 1. Accordingly, in determining whether to stay discovery, this Court should consider judicial economy and the convenience of a stay to the court—whether a dispositive motion will resolve an entire case and eliminate the need for discovery. *Pfizer Inc.*, 2018 WL 1071932 at *1-2; *McLafferty*, 2008 WL 4612856, at *2 (citation omitted). Indeed, where, as here, a motion to dismiss has the potential to dispose of the entire case and eliminate the need for discovery, "the balance will generally lean in favor of staying

discovery." *Pfizer Inc.*, 2018 WL 1071932 at *1 (citing *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995).

Given the potential burdens and costs on this Court, Defendants, and third-parties that would be incurred should discovery be permitted to proceed, the balance of interests weighs in favor of this Court staying discovery. *Perelman*, 2011 WL 3330376, at *3 n.2 (a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."); *Barbieri v. Wells Fargo & Co.*, 2012 WL 3089373, at *5 (E.D. Pa. July 27, 2012) (staying discovery pending the court's decision on a motion to dismiss reasoning the stay "may help to streamline the expensive discovery process, and thereby minimize the burden on counsel, parties and the Court").

Moreover, Defendants' Motion to Dismiss is dispositive of Plaintiff's entire case, and should this Court properly dismiss Plaintiff's frivolous complaint, the discovery in which Plaintiff wishes to prematurely engage would be futile. *See Mann*, 375 F. App'x 232 at 239 (citing *Iqbal*, 556 U.S. 662 at 686; *see also Brown*, 2015 U.S. Dist. LEXIS 56927, at *2-3; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct."). Defendants' Motion to Dismiss outlines why that Plaintiff's claims fail as a matter of law:

1) the Complaint does not allege either Defendant actually physically placed any of the four (4) calls;

2) the Complaint does not allege any agency relationship between the alleged callers and either Defendant;

3) Plaintiff fails to plead sufficient facts establishing that any of the calls were made using an ATDS; and

8

4) Plaintiff's state law claim fails because the Complaint does not sufficiently plead that Defendants are telemarketers engaged in the business of telemarketing as required under the Pennsylvania Telemarketing Registration Act to obligate either individual to register as a telemarketer.

## CONCLUSION

For the foregoing reasons, Defendants Ramy Khalil and Jihan Ghanim respectfully request that the Court issue an order staying all discovery pending the Court's determination of Defendants' Motion to Dismiss and any response in opposition thereto.

Dated: July 29, 2022

Respectfully submitted,

**ELLIOTT GREENLEAF, P.C.**

*/s/ Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI
Pennsylvania Bar No. 53901
STEVEN C. TOLLIVER, JR.
Pennsylvania Bar No. 327165
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
(215) 977-1000
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendants*

9

## **CERTIFICATION PURSUANT TO LOCAL RULE 26.1(F)**

The undersigned hereby certifies that counsel for Defendants attempted to resolve this discovery dispute with Plaintiff.  However, after reasonable effort to resolve this dispute, the parties could not come to a resolution on the issues raised herein.


DATED: July 29, 2022                    */s/ Steven C. Tolliver, Jr.*
                                        STEVEN C. TOLLIVER, JR.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day the foregoing was caused to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon Plaintiff at the e-mail address listed below:

> Andrew R. Perrong
> andyperrong@gmail.com

DATED: July 29, 2022                         */s/ Steven C. Tolliver, Jr.*
                                              STEVEN C. TOLLIVER, JR.