**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDREW R. PERRONG,

               Plaintiff,

      v.

RAMY KHALIL,

and

JIHAN GHANIM,

               Defendants.

Case No. 2:22-cv-01899-WB

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

    Defendants Ramy Khalil and Jihan Ghanim (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully move this Court for an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Amended Complaint (Dkt. 15) in its entirety and with prejudice, for failure to state a claim upon which relief can be granted.

    The specific grounds for this motion are set forth in Defendants' Memorandum of Law, which is filed concurrently herewith and is incorporated by reference as if fully stated herein.

Dated: August 12, 2022

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

/s/ Steven C. Tolliver, Jr.
FREDERICK P. SANTARELLI
Pennsylvania Bar No. 53901
STEVEN C. TOLLIVER, JR.
Pennsylvania Bar No. 327165
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
(215) 977-1000
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG, | |
| Plaintiff, | Case No. 2:22-cv-01899-WB |
| v. | |
| RAMY KHALIL, | |
| and | |
| JIHAN GHANIM, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

RELEVANT ALLEGATIONS.............................................................................. 2

STANDARD OF REVIEW .................................................................................. 6

ARGUMENT ....................................................................................................... 8

I.      THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE
12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE
TCPA ......................................................................................................... 8

     A.  Plaintiff Fails to Plead Facts Sufficient to Establish That the Telephone Calls
Were "Telephone Solicitations" Prohibited by the TCPA........................... 9

     B.  Plaintiff Fails to Plead Facts Sufficient to Establish Direct TCPA Liability...... 11

     C.  Plaintiff Fails to Plead Facts Sufficient to Establish Vicarious TCPA Liability.. 16

     D.  Plaintiff Fails to Plead Facts Sufficient to Establish That the Telephone Calls
Were Made Using an ATDS…………………………………………………… 17

     E.  Plaintiff Fails to Plead Facts Sufficient to State a Claim Under 47 U.S.C. § 227(c)
………..………………………………………….………………………………… 22

     F.  Plaintiff Fails to Plead Facts Sufficient to Establish any "Willful" or "Knowing"
Violation of the TCPA…………………………………………………….. 25

III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE
12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE
PENNSYLVANIA TELEMARKETER REGISTRATION ACT.................................. 26

CONCLUSION..................................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aaronson v. CHW Group, Inc.*,
 Case No. 1:18-cv-1533, 2019 WL 8953349 (E.D. Va. Apr. 15, 2019)....................................13

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
 2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ...............................................................................12

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................6, 7, 8, 19

*Barry v. Ally Fin., Inc.*,
 No. 20-12378, 2021 WL 2936636 (E.D. Mich. July 13, 2021) ................................................20

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........................................6, 7, 15, 25

*Bridges v. Torres*,
 809 F. App'x 69 (3d Cir. 2020) ...........................................................................................7, 19

*Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005,
 2021 U.S. Dist. LEXIS 214217, at *6 (E.D. Pa. Nov. 4, 2021)............................17, 20, 23, 24

*Commonwealth v. Peoples Benefit Servs.*,
 923 A.2d 1230 (Pa. Cmwlth. 2007) ........................................................................................27

*Cornell Univ. v. Illumina, Inc.*,
 2012 WL 1885129 (D. Del. May 23, 2012) .........................................................................7, 19

*Cunningham v. Politi*,
 2019 WL 2517085 (E.D. Tex. Apr. 30, 2019) ........................................................................23

*Dominguez v. Yahoo, Inc.*,
 894 F.3d 116 (3d Cir. 2018)....................................................................................................20

*Facebook, Inc. v. Duguid*,
 141 S. Ct. 1163 (2021) .........................................................................................................8, 18

*Gross v. GG Homes, Inc.*,
 2021 WL 4804464 (S.D. Cal. Oct. 14, 2021) ..........................................................................20

*Gross v. GG Homes, Inc.*,
  No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623 (S.D. Cal. July 8, 2021) ......................... 20

*Guglielmo v. CVS Pharmacy, Inc.*,
  No. 3:20cv1560 (JBA), 2021 WL 3291532 (D. Conn. Aug. 2, 2021) ...................................... 20

*Hoover v. Monarch Recovery Mgmt., Inc.*,
  888 F. Supp. 2d 589 (E.D. Pa. 2012) ................................................................................. 7, 8

*Hufnus v. DoNotPay, Inc.*,
  No. 20-cv-08701-VC, 2021 WL 2585488 (N.D. Cal. June 24, 2021) ..................................... 20

*Hulsey v. Peddle, LLC*,
  2017 WL 8180583 (C.D. Cal. Oct. 23, 2017) ...................................................................... 10

*In re Dish Network, LLC*,
  2013 WL 1934349, 28 FCC Rcd. 6574 (2013) .......................................................... 12, 13, 14

*In re Philadelphia Newspapers, LLC*,
  599 F.3d 298 (3d Cir. 2010) ............................................................................................. 24

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
  Rep. & Order, 18 FCC Rcd. 14014 (2003), 2003 WL 21517853 ........................................ 25

*Jance v. Homerun Offer LLC*,
  2021 U.S. Dist. LEXIS 143145 (D. Ariz. July 30, 2021) ........................................... 10, 11, 15

*KHS Corp. v. Singer Financial Corp.*,
  376 F. Supp. 3d 524 (E.D. Pa. 2019) ................................................................................ 26

*Klein v. Just Energy Grp., Inc.*, No. CV 14-1050,
  2016 U.S. Dist. LEXIS 84447 (W.D. Pa. June 29, 2016) ..................................................... 12

*Knutson v. Blue Light Sec., Inc.*,
  2018 US. Dist. LEXIS 36745, 2018 WL 1172611 (S.D. Cal. Mar. 6, 2018) ..................... 10, 11

*Landy v. Natural Power Sources, LLC*,
  2021 U.S. Dist. LEXIS 154637 (D. N.J. Aug. 17, 2021) ................................................. 12, 13

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
  780 F.3d 1101 (11th Cir. 2015) .................................................................................. 25, 26

*Lucas v. Monitronics Int'l, Inc.*,
  2020 WL 6440255 (S.D. Ohio Nov. 3, 2020) ................................................................ 25, 26

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997) ........................................................................... 7, 19

*Orea v. Nielsen Audio, Inc.*,
2015 U.S. Dist. LEXIS 54916, 2015 WL 1885936 (N.D. Cal. Apr. 24, 2015) ........... 10, 11, 15

*Panzarella v. Navient Solutions, Inc.*,
2022 U.S. App. LEXIS 16324 (3d Cir. June 14, 2022) ................................. 18, 19, 21

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ..................................................... 12

*Perrong v. Victory Phones LLC*,
2021 U.S. Dist. LEXIS 132404 (E.D. Pa. July 15, 2021) ...................................... 17

*Redden v. Smith & Nephew, Inc.*,
2010 WL 2944598 (N.D. Tex. July 26, 2010) ........................................................ 7

*Richardson v. Verde Energy USA, Inc.*,
354 F.Supp.3d 639 (E.D. Pa. 2018) .................................................................. 17

*Robert W. Mauthe, M.D., P.C. v. MCMC LLC*,
387 F. Supp. 3d 551 (E.D. Pa. 2019) ................................................................ 26

*Santiago v. Warminster Township*,
629 F.3d 121 (3d. Cir. 2010) ...................................................................... 7, 19

*Shelton v. Nat'l Gas & Elec., LLC*,
No. CV 17-4063, 2019 WL 1506378 (E.D. Pa. Apr. 5, 2019) .................................... 7

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020) ................................................ 12, 13

*Smith v. Direct Building Supplies, LLC*,
2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) .......................................................... 13

*Smith v. Vision Solar*,
No. CV 20-2185, 2020 WL 5632653 (E.D. Pa. Sept. 21, 2020) ..................... 13, 16, 18

*Spears v. N. Am. Holdings, LLC*,
2016 WL 8999462 (M.D. Fla. Aug. 31, 2016) ...................................................... 25

*Stewart v. Network Cap. Funding Corp.*,
No. CV 21-368-MWF (MAAx), 2021 WL 3088011 (C.D. Cal. July 16, 2021) ............... 20, 21

*United States v. Albertini*,

    472 U.S. 675 (1985) ............................................................................. 24

*Watts v. Emergency Twenty Four, Inc.*,

    No. 20-cv-1820, 2021 WL 2529613 (N.D. Ill. June 21, 2021) ................................ 20

*Wilbor v. GG Homes, Inc.*,

    2022 U.S. Dist. LEXIS 52065, at *14-15 (S.D. Cal. Mar. 22, 2022) ................................ 10, 11

## Statutes

47 U.S.C. § 227 ............................................................................. 1, 11, 19

47 U.S.C. § 227(a)(1) ............................................................................. 17

47 U.S.C. § 227(a)(1)(A) ............................................................................. 18

47 U.S.C. § 227(a)(4) ............................................................................. 9, 11, 15

47 U.S.C. § 227(b) ............................................................................. 8, 17

47 U.S.C. § 227(b)(A) ............................................................................. 17

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................. 17, 21

47 U.S.C. § 227(c) ............................................................................. ii, 22

47 U.S.C. § 227(c)(5) ............................................................................. 23

73 Pa. C.S. § 2241 ............................................................................. 1

73 Pa. C.S. § 2242 ............................................................................. 27

73 Pa. Stat. Ann. § 2243 ............................................................................. 27

73 Pa. Stat. Ann. § 2243(a) and (b) ............................................................................. 27

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 2

## Regulations

47 C.F.R. § 64.1200 ............................................................................. passim

47 C.F.R. § 64.1200(a)(1) ............................................................................. 8

47 C.F.R. § 64.1200(c) ............................................................................. 23

47 C.F.R. § 64.1200(c)(2) ............................................................................. 23

47 C.F.R. §§ 64.1200(c)(2), (d)(1), and (d)(6) ........................................................ 22,

47 C.F.R. §§ 64.1200(c)(2) and (d)(6) ................................................................... 24

47 C.F.R. § 64.1200(d) ..................................................................................... 23, 24

47 C.F.R. § 64.1200(d)(1) ...................................................................................... 24

47 C.F.R. § 64.1200(d)(6) ...................................................................................... 24

47 C.F.R. § 64.1200(f) ............................................................................................ 23

47 C.F.R. § 64.1200(f)(13) ............................................................................ 9, 11, 24

47 C.F.R. § 64.1200(f)(15) ...................................................................................... 23

Defendants Ramy Khalil and Jihan Ghanim ("Defendants", "Defendant Khalil", or "Defendant Ghanim") respectfully move to dismiss Plaintiff Andrew R. Perrong's Amended Complaint (*see* Dkt. 15, "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.  In support thereof, Defendants submit the following memorandum of law.

## INTRODUCTION

Plaintiff's Amended Complaint does nothing to cure the fatal deficiencies that were present in his original Complaint.  Plaintiff continues to plead, in conclusory fashion and without the requisite supporting facts, that Defendants placed four calls to Plaintiff's alleged Do Not Call registry-listed Voice over internet Protocol ("VoIP") telephone number using an Automatic Telephone Dialing System ("ATDS") in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  Plaintiff now pleads that his VoIP number is used as a residential line and for residential purposes, however, Plaintiff still fatally fails to plead sufficient facts that establish:

1) that any of the four calls were "telephone solicitations" or "telemarketing" calls prohibited by the TCPA;

2) that either Defendant can be held directly or vicariously liable for the calls under the TCPA;

3) that any of the calls were made utilizing an ATDS's capacity to either store a telephone number using a random or sequential number generator or to produce a telephone number using a random or sequential number generator, and then dial Plaintiff's VoIP number; or

4) that Defendants are telemarketers engaged in the business of "telemarketing" as required by Pennsylvania Telemarketing Registration Act, 73 Pa. C.S. § 2241.

Indeed, Plaintiff cannot in good faith plead, and conspicuously does <u>not</u> plead, what was actually said on any of the live calls so that the Court can evaluate whether the calls were made to

induce him to <u>buy</u> anything, as required to be actionable under the TCPA and its implementing regulations.  In fact, Plaintiff concedes that on the fourth call in which Defendant Khalil left a message, Defendant Khalil explicitly stated that the message was for "Harold" and that Defendant Khalil was "interested in buying the property."  *See* Amended Complaint at ¶ 59.  Plaintiff vaguely insinuates that the calls were placed to "pitch" real estate services, and in a formulaic recitation of the TCPA's definition of "telemarketing", attempts to mislead the Court by insinuating that the communications were sent to have him purchase or invest in real estate consulting services.[1]

Likewise, just as Plaintiff fails to plead facts that demonstrate that any of the alleged calls were "telephone solicitations" or "telemarketing" prohibited by the TCPA, he fails to plead sufficient facts to establish that the purported calls were "willful" or "knowing" violations to justify treble damages under the TCPA.  Conversely, Plaintiff merely conclusively and insufficiently asserts a legal conclusion that the purported TCPA violations were "willful" or "knowing."  Accordingly, the Court should dismiss Plaintiff's Amended Complaint in its entirety (and with prejudice as amendment would be futile) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## <u>RELEVANT ALLEGATIONS</u>

Plaintiff's Amended Complaint is riddled with speculation, unreasonable inferences, and conclusory allegations regarding Defendants' alleged violations of the TCPA, its implementing statute and the PA Telemarketer Registration Act, based on four (4) calls allegedly made to Plaintiff's telephone number that is purportedly assigned to an "Anveo" VoIP telephone service and used as a residential line.  *See* Amended Complaint at ¶¶ 31-32, 34-35, 37, 99, 103, and 108.

---

[1] It is unclear what Plaintiff means by the word "pitch" as the Merriam Webster Dictionary lists at least eight different meanings for the verb.  *See "pitch."* Merriam-Webster.com. 2022. https://www.merriam-webster.com/dictionary/pitch (10 August, 2022).

However, on the face of the Amended Complaint, Plaintiff admits that Defendants are not telemarketers, but that Defendants are real estate investors who seek individuals interested in "selling their homes" and "do business under the name 'We Buy Any Philly Home'". *Id.* at ¶¶ 23, 26-27. Indeed, Plaintiff admits that on one of two calls that he did not answer, Defendant Khalil sought an individual named "Harold" and left a message explaining "I'm the investor. I'm interested in buying the property." *Id.* at ¶¶ 58-59.

In pertinent part, Plaintiff further alleges that: (1) his VoIP telephone number "215-947-XXXX, is on the National Do Not Call Registry"; and (2) that "[d]espite this, the Defendants placed at least four telemarketing calls [to Plaintiff] on June 29, October 5, and October 6, 2021" (though he fails to plead facts sufficient to establish that the calls were, in fact, "telemarketing" or "telephone solicitations", or that Defendants placed the calls). *Id.* at ¶¶ 31, 34-35. Indeed, the Amended Complaint admits that two of the callers were a "Natalie" and a "Melanie". *Id.* at ¶¶ 45, 55. It is worth repeating that on the one call in which Plaintiff identified Defendant Khalil as the caller, Defendant Khalil left a message for a "Harold" and explicitly stated "I'm the investor. I'm interested in buying the property." *Id.* at ¶¶ 58-59.

Beyond conclusory allegations and unreasonable inferences, the Amended Complaint still does not plausibly allege any facts suggesting that either of the Defendants, themselves, physically made three of the calls at issue:

- regarding the call Plaintiff allegedly received on June 29, 2021 at 3:01 PM (the "first call" or "Call #1"), Plaintiff conclusively alleges that he "received a call from the Defendants with the caller ID 267-682-7814", but that the "caller on the call, 'Natalie,' began to pitch [him] on Defendants' real estate services" on behalf of a "David Beckatini";

- regarding the call Plaintiff allegedly received on June 29, 2021 at 8:10 PM but did not pickup (the "second call" or "Call #2"), Plaintiff alleges he "received a call from the caller ID 267-780-9049", and that he "was not available, and the caller was sent to voicemail, but no message was left. The name on the caller ID "read 'RAMY KHALIL' and Plaintiff spoke to Defendant Khalil" on this number, but that the "number is registered to Defendant Ghanim";

- regarding the call Plaintiff allegedly received on October 5, 2021 at 11:50 AM (the "third call" or "Call #3"), Plaintiff conclusively alleges he received the call "from Defendants…from the caller ID 267-627-6350" (yet a different number), but that "the caller on the call, 'Melanie,' [sic] stated that she was looking for an individual named 'Harold,'" and "tried to pitch [Plaintiff] on Defendants' real estate services" on behalf of "a 'private real estate investor in Philly' named 'David'".

*Id.* at ¶¶ 42, 45, 49-52, and 55.  Despite "Melanie" stating that she was looking for an individual named "Harold", Plaintiff did not inform "Melanie" that he was not the individual she was looking for and instead told her "that any communication should be over email."  *Id.* at ¶ 56.  Lastly, as stated above, Plaintiff admits on the face of his Amended Complaint that on October 6, 2021 at 11:07 AM he "received a call from the caller ID 267-780-9049" (the "fourth call" or "Call #4"), wherein Defendant Khalil also sought an individual named "Harold" regarding a "property on Whitaker Avenue", and that Defendant Khalil left a message explaining "I'm the investor. I'm interested in buying the property."  *Id.* at ¶¶ 57-59.

Plaintiff speculates and concludes without supporting facts that, based on a series of back and forth calls that he initiated and exchanged with Defendant Khalil on October 6, 2021, Defendants "hired an automated calling center to contact individuals *en masse* and then provide

the list of purportedly interested individuals to Defendants", and that Defendant Khalil stated "that he receives approximately ten leads a day from his 'assistant Natalie'". *Id.* at ¶ 64. Plaintiff alleges that Defendant Khalil "explained" that he "intended to direct Melanie to call other persons, including Plaintiff," but fails to plead that either Defendant Khalil or Defendant Ghanim directed "Melanie" or "Natalie" to call from automated lists, or to encourage the recipients of their calls to buy anything. *Id.* at ¶¶ 66, 76.

Plaintiff further speculates that all of "the calls were conducted using an Automatic Telephone Dialing System (ATDS)" based on his "inference" (or guess) that when he answered Call #1 and Call #3 he purportedly heard a "brief delay", "an audible click" and "choppy audio", which he alleges are "hallmark indicia of ATDS systems." *Id.* at ¶¶ 44, 54, 67, and 70-71. In conclusory fashion, Plaintiff asserts that the system allegedly used to place the calls "is/are an ATDS because it would be illogical to dial a number manually, have the Plaintiff answer it, and only then connect it to a human being." *Id.* at ¶ 70. Plaintiff alleges the calls at issue were dialed "*en masse* to multiple individuals from a list of telephone numbers", however conspicuously absent from the Amended Complaint is that the alleged list is non-targeted or non-curated. Plaintiff further asserts that he is "ignorant of the exact process by which" the system he guesses was used to place the calls operates other than an illogical leap that the alleged system "stores or produces telephone numbers randomly or possibly sequentially." *Id.* at ¶ 76-77.

After admitting that Defendants are real estate investors who seek individuals interested in "selling their homes" and that on one of the calls Defendant Khalil sought an individual named "Harold" and left a message explicitly stating "I'm the investor. I'm interested in buying the property", Plaintiff attempts to mislead the Court by alleging Defendants are "sellers". *Id.* at ¶¶ 23, 26-27, 58-59, and 81. In another attempt to tie Defendants to nonexistent telemarketing,

Plaintiff goes on to allege that Defendants "accepted business that originated" from "Natalie and "Melanie" – however, in a clear omission, Plaintiff does not plead that Defendants directed any individual to encourage Plaintiff to buy anything, as required to hold Defendants vicariously liable for any individual or entity's conduct under the TCPA.  *Id.* at ¶ 85.

Reciting the definition of "telephone solicitation" or "telemarketing" under the TCPA and its implementing statute, 47 C.F.R. § 64.1200, Plaintiff also makes the bald, conclusory assertion that "[t]he communications [he] received…demonstrate that they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they sought to have him sign up for real estate investment services."  *Id.* at ¶ 56.  However, as stated above, the Amended Complaint, on its face, admits that Defendants are real estate investors engaged in the business of buying property.  *Id.* at ¶¶ 23, 26-27, and 58-59.

Plaintiff goes on to plead more conclusory, speculative and formulaic allegations based on the elements of TCPA and PA Telemarketing Registration Act claims without also pleading the requisite supporting facts to establish any of his allegations.  For the foregoing reasons, Plaintiff's claims fail.

## **STANDARD OF REVIEW**

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level" such that the claim is "plausible on its face.")).  A "bare assertion" and "conclusory allegation[s]" will not suffice.

*Twombly*, 550 U.S. at 556-57; *see also Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 594 (E.D. Pa. 2012) (internal quotation marks omitted).   Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).   A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Id.* (all federal pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

While the Court must generally accept Plaintiff's factual allegations as true when ruling on a Rule 12(b)(6) motion, "conclusory or bare bones allegations will not survive a motion to dismiss." *Hoover*, 888 F. Supp. 2d at 594 (internal quotation marks omitted); *Shelton v. Nat'l Gas & Elec., LLC*, No. CV 17-4063, 2019 WL 1506378, at *8 (E.D. Pa. Apr. 5, 2019) ("Courts need not accept [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.") (internal quotation marks omitted) (alteration in original).   Conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions do not suffice, need not be taken as true, and will not prevent dismissal under Rule 12(b)(6). *See, e.g., Bridges v. Torres*, 809 F. App'x 69, 71 (3d Cir. 2020); *Santiago v. Warminster Township*, 629 F.3d 121, 128 (3d. Cir. 2010); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997);   *see also Cornell Univ. v. Illumina, Inc.*, 2012 WL 1885129, at *5 (D. Del. May 23, 2012), *report and rec. adopted*, 2012 WL 2564888 (June 29, 2012) ("[W]hen deciding a Rule 12(b)(6) motion, 'a court is not to strain to find inferences favorable' to the non-moving party.") (quoting *Redden v. Smith & Nephew, Inc.*, 2010 WL 2944598, at *3 (N.D. Tex. July 26, 2010)).

Therefore, ruling on a motion to dismiss "is 'context-specific' and requires the court to draw on 'its judicial experience and common sense' to determine if the facts pled in the complaint

have 'nudged [plaintiff's] claims' over the line from '[merely] conceivable [or possible] to plausible.'"  *Hoover*, 888 F. Supp. 2d at 594 (quoting *Iqbal*, 556 U.S. at 679-680, 129 S. Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

## ARGUMENT

### I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE TCPA.

In Count One of his Amended Complaint (see ¶¶ 98-102), Plaintiff Perrong seeks relief under § 227(b) of the TCPA, which prohibits calls "(other than a call made for emergency purposes or made with the express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice… to any telephone number assigned to…any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1(A)(iii); 47 C.F.R. § 64.1200(a)(1).  As the Supreme Court recently noted, "Congress passed the TCPA to address 'the proliferation of intrusive, nuisance calls' to consumers and businesses from **telemarketers**."  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021) (emphasis added).  The Court explained that Congress was concerned about "advances in automated technology" that enabled companies to "execute large-scale **telemarketing** campaigns" and that the "development of 'robocall' technology allowed companies to make calls using **artificial or prerecorded voices**, obviating the need for **live** human callers altogether."  *Id.* (emphasis added).  "Congress found autodialer technology to be uniquely harmful."  *Id.*  However, the TCPA is not an outright ban on all telephone calls that a person may not like or may prefer not to receive.

Indeed, the TCPA (and its implementing statute) provides specific definitions and limited prohibitions to achieve its objective and prohibits only certain types of telephone calls.  As a threshold matter, by definition, the live telephone calls at issue in this case are not the type of calls prohibited by the TCPA.

### A. Plaintiff Fails to Plead Facts Sufficient to Establish That the Telephone Calls Were "Telephone Solicitations" Prohibited by the TCPA.

Plaintiff claims that Defendants violated various sections of the TCPA and its implementing statute, but the regulations are simply inapplicable here where none of the four calls allegedly made to Plaintiff meet the threshold definitions of "telephone solicitation" or "telemarketing" under said regulations.  As addressed above, Defendants are not in the business of telemarketing—Defendants are in the business of buying property, and the calls at issue were intended to reach an individual named "Harold" to inquire whether he was willing to sell his property.

Under the TCPA, "telephone solicitation" is expressly defined as "the initiation of a telephone call or message for the purpose of **encouraging the purchase or rental of, or investment in, property, goods, or services**." 47 U.S.C. § 227(a)(4) (emphasis added).  Likewise, the TCPA's implementing statute, 47 C.F.R. § 64.1200, defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted by any person."  47 C.F.R. § 64.1200(f)(13).  To be actionable under the TCPA, the calls complained of must encourage or induce the recipient of the calls to purchase, rent, or invest in property, goods or services.

As Plaintiff well knows, the four calls complained of do not meet the TCPA's or its implementing statute's definition of "telephone solicitation" or "telemarketing" because they were not made to encourage or induce Plaintiff to buy anything—in fact, on the face of Plaintiff's allegations, Plaintiff concedes the calls were made to inquire whether a "Harold" wanted to sell

his property to the caller.  The TCPA's and its implementing statute's definitions for "telephone solicitation" and "telemarketing" do not include an offer to purchase real estate.[2]

In his Amended Complaint, Plaintiff mischaracterizes the substance of the calls alleging that individuals other than Defendants "began to pitch [him] on Defendants' real estate services", were "looking for an individual named 'Harold'" and "tried to pitch [him] on Defendants' real estate services", or that the calls included Defendant Khalil leaving a message "seeking to solicit an individual named 'Harold' to utilize Defendant's services" when, in fact, Defendants never solicited any person's investment in real estate services.  *See* Amended Complaint at ¶¶ 42, 45, 52, 55, and 58.  As Plaintiff recognizes in his Amended Complaint, Defendants are real estate investors engaged in the business of purchasing real property.  *Id.* at ¶¶ 23, 26-27, and 58-59.

None of the alleged calls were made to sell Plaintiff anything, conversely, and as alleged on the face of the Amended Complaint, the alleged calls were made, to inquire whether an

---

[2] *See Jance v. Homerun Offer LLC*, 2021 U.S. Dist. LEXIS 143145, at *13 (D. Ariz. July 30, 2021) (holding that calls to plaintiff's cell phone seeking to determine his interest in selling his home, and not to induce a purchase by plaintiff, were neither telemarketing nor solicitation and thus not violative of the TCPA, and concluding amendment would be futile); *Knutson v. Blue Light Sec., Inc.,* 2018 US. Dist. LEXIS 36745, 2018 WL 1172611, at *4 (S.D. Cal. Mar. 6, 2018) (defendant's call to plaintiff real estate agent seeking to buy information from the plaintiff about his clients, so that defendant could advertise security systems to his clients, was not "telemarketing" or "advertising" under § 64.1200); *Wilbor v. GG Homes, Inc.*, 2022 U.S. Dist. LEXIS 52065, at *14-15 (S.D. Cal. Mar. 22, 2022) (granting defendant's motion to dismiss claims for knowing and/or will violations of the TCPA holding that "offers for the purpose of procuring property, not 'encouraging the purchase' of property" are not telephone solicitations under the TCPA); *Hulsey v. Peddle, LLC*, 2017 WL 8180583, at *3 (C.D. Cal. Oct. 23, 2017) (granting defendant's motion to dismiss because text messages offering to purchase plaintiff's car did not constitute telephone solicitations); *Orea v. Nielsen Audio, Inc.*, 2015 U.S. Dist. LEXIS 54916, 2015 WL 1885936, at *6-7 (N.D. Cal. Apr. 24, 2015) (finding "[d]efendant's calls are not telephone solicitations under the plain language of the TCPA because as alleged, they do not intend to encourage a purchase, rental, or investment in any goods, services, or property",  and further reasoning **"[t]he only sensible reading of [the TCPA] is that the 'purchase' of 'property,' 'goods,' or 'services' that is intended by the call is the purchase by the consumer, not by the caller."**) (emphasis added).

10

individual named "Harold" wanted to sell his "Whitaker Avenue" property to the caller. *Id.* at ¶¶ 55, 59. Indeed, in a clear omission, Plaintiff fails to plead what was actually said on all but one of the four calls at issue because he cannot plead in good faith that they were made to encourage him to buy anything. As stated above, in the one instance that Plaintiff pleads what was actually said, he concedes that Defendant Khalil stated: that the message was for "Harold"; that he is an "investor"; and that he was "interested in buying the property." *Id.* at ¶ 59. Because none of the calls were made "for the purpose of encouraging [Plaintiff's] purchase or rental of, or investment in, property, goods or services", they are not actionable because they did not violate the TCPA. *See* 47 U.S.C. § 227(a)(4); *Jance*, 2021 U.S. Dist. LEXIS 143145 at *2, 12 (neither § 227's definition of "telephone solicitation" nor § 64.1200(f)(13)' definition of "telemarketing" "encompass a scenario in which the caller offers to buy something from the recipient of the call"); *Knutson*, 2018 U.S. Dist. LEXIS 36745 at *4; *Wilbor*, 2022 U.S. Dist. LEXIS 52065 at *14-15; *Orea*, 2015 U.S. Dist. LEXIS 54916 at *6-7.

Consequently, the entire premise of Plaintiff's Amended Complaint is fundamentally flawed as a matter of law. As such, and consistent with the plain definitions in the TCPA and its implementing statute as well as the reasoning in the cases cited above, this Court should reject Plaintiff's effort to assert claims under the TCPA for calls that do not constitute "telephone solicitations" or "telemarketing".

### B. Plaintiff Fails to Plead Facts Sufficient to Establish Direct TCPA Liability.

In addition to Plaintiff's fatal flaw in failing to plead that any individual on the alleged calls encouraged him to buy anything, Plaintiff does not plead sufficient facts establishing any basis for direct liability under the TCPA because, with respect to at least three out of the four calls, Plaintiff fails to plausibly plead that Defendant Khalil or Defendant Ghanim physically placed the calls. In

fact, Plaintiff, on the face of his Amended Complaint, admits that the callers were a "Natalie" or "Melanie"—neither Defendant Khalil nor Defendant Ghanim. *See* Amended Complaint at ¶¶ 45, 55. Further, the Amended Complaint concedes that during the one call in which Plaintiff can identify Defendant Khalil as the caller, Defendant Khalil stated he wanted to buy property from a "Harold". *Id.* at ¶ 59.

It is well established that under the TCPA, liability is imposed on the party that places the "telephone solicitation" or "telemarketing" call at issue. *See Landy v. Natural Power Sources, LLC*, No. 3:21-cv-00425, 2021 U.S. Dist. LEXIS 154637, at *7 (D. N.J. Aug. 17, 2021) (citing *Klein v. Just Energy Grp., Inc.*, No. CV 14-1050, 2016 U.S. Dist. LEXIS 84447, at *25 (W.D. Pa. June 29, 2016). "For a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)).

Furthermore, direct liability under the TCPA applies **only** to persons or entities that "make" or "initiate" telemarketing calls—and to "make" or "initiate" in this context means to "physically place" a phone call. *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)); *see also Klein*, 2016 U.S. Dist. LEXIS 84447 at *25 ("[T]he verb 'make' imposes civil liability only on the party that [physically] places the call or text.") (citation omitted). Put differently, for direct TCPA liability to attach, the defendant must pick up the phone and physically call the plaintiff directly. Indirect involvement in a call does not suffice. *See Id.*; *see also In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) ("merely having some

role, however minor, in the causal chain that results in the making of a telephone call" is insufficient for direct TCPA liability).

As a result, Third Circuit courts and federal courts elsewhere routinely dismiss direct TCPA liability claims at the pleadings stage where, as here, the pleadings fail to include sufficient factual allegations demonstrating the defendant actually "ma[d]e" the calls at issue by "tak[ing] the steps necessary to **physically place**" a call. *Sheski*, 2020 WL 2474421, at *2-4 (quoting *In re Dish Network, LLC*, 28 FCC Rcd. at 6583 ¶ 26) (emphasis added); *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (ruling "[plaintiff] has not pleaded facts sufficient to identify [defendant] as the initiator of the offending calls" for direct liability purposes—*i.e.,* that it physically placed them—because plaintiff merely alleged in a conclusory fashion that the defendant "called" him, "placed multiple calls soliciting its business to [p]laintiff," and/or "contacted" him "in an attempt to solicit [plaintiff] to purchase [d]efendant's services."); *see also Smith v. Vision Solar*, No. CV 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (plaintiff's allegations that "[d]efendant contacted or attempted to contact [plaintiff] from multiple telephone numbers confirmed to belong to [d]efendant" were not sufficient for direct TCPA liability, holding that "'without any facts to explain why plaintiff believes the identified phone number is owned by defendant, ... plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant **actually, physically** initiated the telephone calls at issue.'") (quoting *Aaronson v. CHW Group, Inc.*, Case No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (emphasis added)); *Landy*, 2021 U.S. Dist. LEXIS 154637 at *7 (no direct liability under the TCPA where plaintiff did not allege the defendant itself physically placed the call).

Here, analogous to the cases cited above, Plaintiff's Amended Complaint does not plausibly allege any facts, beyond conclusory allegations, suggesting either of the Defendants, themselves, physically made any "telephone solicitations" or "telemarketing" calls.  *See* Amended Complaint ¶¶ 34, 42-55.  Indeed:

- In regards to Call #1 that Plaintiff allegedly received on June 29, 2021 at 3:01 PM, Plaintiff conclusively alleges that he "received a call from the Defendants with the caller ID 267-682-7814", but that the "caller on the call, 'Natalie,' began to pitch [him] on Defendants' real estate services" on behalf of a "David Beckatini".

- In regards to Call #2 that Plaintiff allegedly received on June 29, 2021 at 8:10 PM, Plaintiff only alleges that he "received a call from the caller ID 267-780-9049", that he "was not available, and the caller was sent to voicemail, but no message was left. The name on the caller ID read 'RAMY KHALIL'", and that "Plaintiff spoke to Defendant Khalil on multiple occasions on this number", but that the number is registered to Defendant Ghanim", and that "it is possible that Defendant Ghanim placed" the call.

- In regards to Call #3 that Plaintiff allegedly received on October 5, 2021 at 11:50 AM, Plaintiff conclusively alleges he received the call "from Defendants…from the caller ID 267-627-6350", but that "the caller on the call, 'Melanie,' [sic] stated she was looking for an individual named 'Harold,' [and] again tried to pitch [him] on Defendants' real estate services" on behalf of "a 'private real estate investor in Philly' named 'David'".

*Id.* at ¶¶ 42, 45, 49-50, 52, and 55.

14

Plaintiff fails to plead sufficient facts establishing that either Defendant physically placed the first call—indeed, Plaintiff admits the caller was "Natalie" calling on behalf of "David Beckatini." Likewise, Plaintiff fails to plead sufficient facts establishing that either Defendant physically placed the third call, quite the contrary, Plaintiff admits the caller was "Melanie" calling on behalf of a "David." Though Plaintiff alleges the caller ID for the second call identified Defendant Khalil, that the number is registered to Defendant Ghanim, and that Plaintiff spoke with Defendant Khalil on the same number, Plaintiff fails to plead sufficient facts establishing that either Defendant actually physically placed the call. Moreover, because Plaintiff admits, on the face of his Amended Complaint, that he did not answer the alleged call and that the individual that placed the call did not leave a voicemail message, the Amended Complaint is devoid of sufficient facts regarding the content of the call establishing that this second call was a "telephone solicitation" or "telemarketing" call.

In regards to Call #4, Plaintiff concedes that Defendant Khalil left a message for a "Harold" stating that he is an "investor…interested in buying the property"—again, even in this once instance in which Defendant Khalil left a message, the Amended Complaint fails to plead that Defendant Khalil placed the call to encourage Plaintiff to buy anything, as is necessary to constitute a "telephone solicitation" under the TCPA. *See* Amended Complaint at ¶ 59; *See also* 47 U.S.C. § 227(a)(4); *Jance*, 2021 U.S. Dist. LEXIS 143145 at *2, 12; *Orea*, 2015 U.S. Dist. LEXIS 54916 at *6-7.

Thus the Amended Complaint fails "to raise a right to relief above the speculative level" to support a theory of direct liability under the TCPA because Plaintiff's allegations fail to establish that Defendant Khalil or Ghanim actually, physically initiated any "telephone solicitations" or "telemarketing" calls as is required to plausibly plead a direct TCPA liability claim. *Twombly*,

15

550 U.S. at 570; *Vision Solar*, 2020 WL 5632653 at *3 (citation omitted).  Accordingly, this Court should follow the applicable federal case law cited above holding that a deficient and fundamentally flawed TCPA claim should be dismissed under Rule 12(b)(6).

### C.  Plaintiff Fails to Plead Facts Sufficient to Establish Vicarious TCPA Liability.

As outlined above, Plaintiff's Amended Complaint is fundamentally flawed as a matter of law because Plaintiff fails to plead facts sufficient to establish that any of the calls at issue were "telephone solicitations" or "telemarketing" calls in violation of the TCPA.  *See* discussion at pp. 8-11, *supra*.  Accordingly, for this reason, just as Plaintiff fails to plead facts that establish Defendants are directly liable for any "telephone solicitations" or "telemarketing" calls that violated the TCPA , Plaintiff fails to plead any basis for vicarious TCPA liability.

Plaintiff asserts that Defendant Khalil stated "he receives approximately ten leads a day from his 'assistant Natalie'" and that Defendant Khalil "explained" that he "intended to direct Melanie to call other persons, including Plaintiff"—however, in a clear omission, Plaintiff fails to plead that Defendant Khalil (or Defendant Ghanim) directed "Natalie" or "Melanie" to encourage Plaintiff (or anyone for that matter) to buy anything.  *See* Amended Complaint at ¶¶ 64, 66. Plaintiff also alleges that Defendants "accepted business that originated" from "Natalie and Melanie", however Plaintiff fails to plead that Defendants directed "Natalie", "Melanie", or any individual to encourage Plaintiff to buy anything as required to hold Defendants vicariously liable for any conduct violative of the TCPA.  *Id.* at ¶ 85; *see* discussion at pp. 8-11, *supra*.

Consequently, to the extent Plaintiff seeks to hold Defendants vicariously liable under the TCPA, the Amended Complaint falls woefully short of satisfying the established federal pleading requirements, and for this additional reason, the Court should dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

### D.  Plaintiff Fails to Plead Facts Sufficient to Establish That the Telephone Calls Were Made Using an ATDS.

Even if this Court finds Plaintiff sufficiently pled that the four calls at issue were "telephone solicitations" or "telemarketing" calls made in violation of the TCPA, which they are not, and that Defendants are directly or vicariously liable for said calls, which they are not, Plaintiff's federal claims still fail as a matter of law because he does not plead facts sufficient to establish that any of the calls were made using an ATDS.

Section 227(a)(1) of the TCPA provides that an ATDS is "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).   As Plaintiff acknowledges in his Amended Complaint (see ¶ 10), to establish a violation of the TCPA under § 227(b), a plaintiff must plausibly prove: (1) that a call was placed to any number assigned to a service for which the called party is charged for the call; (2) using an ATDS; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A)(iii); *Perrong v. Victory Phones LLC*, 2021 U.S. Dist. LEXIS 132404, *15 (E.D. Pa. July 15, 2021) ("[a]s a threshold matter, the Court finds that the operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing **artificial and prerecorded** voice calls to a variety of telephone numbers.") (emphasis added); *Richardson v. Verde Energy USA, Inc.*, 354 F.Supp.3d 639, 643 (E.D. Pa. 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii); *Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 U.S. Dist. LEXIS 214217, at *6 (E.D. Pa. Nov. 4, 2021).[3]   However, a violation of §

---

[3] The TCPA provides that is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) **using** any automatic dialing system or an artificial or prerecorded voice to any telephone number assigned to…any service for which the called party is charged for the call".  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

227(b)(1)(A)(iii) requires that a plaintiff prove that the calls complained of were made **using** an ATDS.  *See Panzarella v. Navient Solutions, Inc.*, 2022 U.S. App. LEXIS 16324, at *17, 24, 29-31 (3d Cir. June 14, 2022) (affirming the district court's grant of summary judgment holding appellants' TCPA claims failed because appellee did not rely on and employ an ATDS's random or sequential number generation capability when appellee called appellant).  This issue turns not on whether the dialing equipment used to place the four calls at issue was an ATDS, but on whether the alleged callers violated the TCPA when they purportedly employed such dialing equipment to call Plaintiff.  *Id.* at *17.  Specifically, Plaintiff must plausibly allege that Defendants or an individual or entity working on behalf of Defendants actually used an ATDS to store (or randomly generate) his VoIP telephone number and also used the ATDS to automatically dial that number.

The Supreme Court recently clarified that to qualify as an ATDS, "a device must have the **capacity either** to **store** a telephone number using a random or sequential number generator **or** to **produce** a telephone number using a random or sequential number generator."  *Facebook v. Duguid*, 141 S. Ct. 1163 at 1167, 1169-70 (2021) (emphasis added) (finding Facebook's notification system is not an autodialer because it neither stores nor produces numbers using a random or sequential number generator).  "In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator."  *Id.* at 1170.  Put differently, the Supreme Court held that "a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called."  *Id.* at 1173.

Plaintiff's assertions relating to Defendants' purported use of an ATDS are both conclusory and implausible.  Plaintiff merely alleges the calls "were conducted using an Automatic Telephone

Dialing System (ATDS)" and that the systems allegedly used to place the calls "is/are an ATDS because it would be illogical to dial a number manually, have the Plaintiff answer it, and only then connect it to a human being." *See* Amended Complaint at ¶¶ 67,70.  Plaintiff speculates that all of calls were made using an ATDS based on his "inference" (or guess) that when he answered Call #1 and Call #3 he purportedly heard a "brief delay", an "audible click" and "choppy audio", which he alleges are "hallmark indicia of ATDS systems." *Id.* at ¶¶ 44, 54, 67, and 70-71.  Plaintiff further speculates that the calls were dialed "*en masse* to multiple individuals from a list of telephone numbers", however, in a clear omission, he does not allege that the purported list is non-targeted or non-curated, which was the dispositive issue in *Panzarella*.  *Id.* at ¶¶ 76-77; *see Panzarella*, 2022 U.S. App. LEXIS 16324 at *28-30 (interpreting Congress's intent in enacting the TCPA in a hypothetical explaining that calls made from a targeted or curated list do not "threaten the harm the TCPA targets" and finding that such calls do not violate § 227(b)(1)(A)).  Plaintiff's conclusory allegations and unreasonable inferences amount to mere guesses and legal conclusions that do not suffice, need not be taken as true, and should not prevent dismissal under Rule 12(b)(6).  *Bridges*, 809 F. App'x at 71; *Santiago*, 629 F.3d at 128; *Morse*, 132 F.3d at 906; *Cornell Univ.*, 2012 WL 1885129 at *5 (citation omitted).

Plaintiff alleges (*see* Amended Complaint at ¶ 77) that he is "ignorant of the exact process by which" the system he guesses was used to place the calls operates other than another guess that the system "stores or produces telephone numbers randomly or possibly sequentially"—however mere parroting, or a "formulaic recitation of the elements" of a claim under the TCPA fails to meet the requisite pleading standard.  *Iqbal*, 556 U.S. at 678.  Moreover, to support his argument that he is not required to plead the "exact process" by which the alleged system was used and that *Facebook's* "newly clarified definition of an ATDS is more relevant" at summary judgment than

the pleadings stage, Plaintiff cites a Southern District of California case that was reversed on reconsideration.  *See* Amended Complaint at ¶ 77 (citing *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021).

In *Gross*, upon defendant's motion for partial reconsideration of the court's denial of defendant's motion to dismiss on the issue of whether plaintiff adequately pled use of an ATDS, the court found additional authority decided after the parties' initial briefing persuasive and concluded: "[e]ven construing the FAC liberally, as the Court must, [plaintiff's] allegations do not satisfy the pleading requirements for an ATDS claim post-[*Facebook*]."  *Gross v. GG Homes, Inc.*, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021).[4]  Thus, *Gross* buttresses the argument herein that Plaintiff fails to plead sufficient facts to establish any of the calls at issue were made using an ATDS.  *Id.*

Moreover, the Supreme Court's ruling in *Facebook* is consistent with the Third Circuit's traditional interpretation of the TCPA's definition of an ATDS: the phrase "using a random or sequential number generator" modifies both "produce" and "store."  *Dominguez v. Yahoo, Inc.*,

---

[4] The additional authority that the Southern District of California court considered includes: "*Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701-VC, 2021 WL 2585488, at *1-2 (N.D. Cal. June 24, 2021))) (dismissing case with prejudice where the complaint did not support an inference that a random or sequential number generator was used); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 2936636, at *4–7 (E.D. Mich. July 13, 2021) (same); *Guglielmo v. CVS Pharmacy, Inc.*, No. 3:20cv1560 (JBA), 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021) (dismissing case where plaintiff did not allege that his number was stored or produced with a random or sequential number generator); *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021) (dismissing case where plaintiff did not allege the defendant's system uses a random or sequential number generator); *Camunas*, 2021 U.S. Dist. LEXIS 214217, at *14-15 (stating conclusory allegations that defendant uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers[,] were insufficient to allege ATDS use); *Stewart v. Network Cap. Funding Corp.*, No. CV 21-368-MWF (MAAx), 2021 WL 3088011, at *2 (C.D. Cal. July 16, 2021) (similar)."  *Id.* (internal quotations omitted).

894 F.3d 116, 119 (3d Cir. 2018).  In *Panzarella*, a very recent precedential TCPA case that further supports dismissal of the Amended Complaint, the Third Circuit affirmed a district court's granting of summary judgment finding appellee student loan servicer did not rely on a random-number generation system to place the calls at issue.  *See Panzarella*, 2022 U.S. App. LEXIS 16324 at *30-31 ("as the record contains no evidence that [appellee] used the ININ System to randomly or sequentially produce or store the [appellants'] cellphone numbers and therefore no evidence that [appellee] made a telephone call *using* an ATDS in violation of the TCPA, [appellee] is entitled to summary judgment on the [appellants'] TCPA claims.").  In *Panzarella*, the Third Circuit declined to opine on whether appellee's dialing system qualified as an ATDS but framed the issue as whether appellee violated the TCPA when it employed its dialing system to call appellants.  *Id.* at *16-17.  Thus, it is worth repeating that: "[A] violation of section 227(b)(1)(A)(iii) requires proof that the calls at issue be made **'using'** an ATDS. **This issue turns not on whether [appellee's] dialing equipment was an ATDS but on whether [appellee] violated the TCPA when it employed this dialing equipment to call the [appellants]**."  *Id.* at 17 (emphasis added).

The Third Circuit went on to opine that Congress drafted § 227(b)(1)(A) of the TCPA to prohibit making calls that use an ATDS's autodialing functionalities.  *Id.* at *24-25.  The Court further ruled "to use an ATDS as an autodialer, one must use its defining feature—its ability to produce or store telephone numbers through random- or sequential- number generation."  *Id.*  "What is more, when we interpret 'making any call…using any [ATDS]' to mean making any call using any ATDS's ability to use a random or sequential number generator to produce or store telephone numbers, § 227(b)(1)(A), we give effect to both the TCPA's definition of an ATDS and its targeted prohibitions."  *Id.* (citation omitted).  The Court held that, "for a call to violate section 227(b)(1)(A), that call must employ either an ATDS's capacity to use a random

21

or sequential number generator to produce telephone numbers to be dialed or its capacity to use a random or sequential number generator to store telephone numbers to be dialed." *Id.* at 29.

> Here, the [appellants'] claims fail because the record establishes that [appellee] did not rely on random- or sequential- number generation when it called them. Even if we assume that the ININ System, through the SQL Server, had the capacity to generate lists of random or sequential telephone numbers and was thus an ATDS, [appellee] did not use the ININ System in this way. Instead, it selected a dialing campaign's potential targets from 'specific, curated borrower lists.' These lists contained contact information drawn from [appellee's] internal database of account information rather than computer-generated number tables. Consequently, the lists that served as the basis for its calling campaigns contained 'specific numbers associated with [appellee's] student loan accounts.'

*Id.* at 30 (internal citations omitted).

All told, here, where Plaintiff fails to sufficiently plead any of the calls at issue were "telephone solicitations" or "telemarketing" within the definitions prescribed by the TCPA, or any facts establishing either Defendant's direct or vicarious liability, the Amended Complaint should be dismissed under Rule 12(b)(6) for the additional reason that Plaintiff fails to plead facts sufficient to establish that any of the calls were made using an ATDS.

### E.  Plaintiff Fails to Plead Facts Sufficient to State a Claim Under 47 U.S.C. § 227(c).

In Count Three of his Amended Complaint (*see* ¶¶ 72-77), Plaintiff alleges Defendants violated § 227(c)(5) of the TCPA by violating its implementing regulations, 47 C.F.R. §§ 64.1200(c)(2), (d)(1), and (d)(6).  However, Count Three fails because, as outlined above, Plaintiff fails to plead sufficient facts establishing that the calls at issue were "telephone solicitations" or "telemarketing" under the TCPA or its implementing regulations, and fails to plead sufficient facts establishing that either Defendant "physically" placed "telemarketing" calls or that Defendants are

in an agency relationship with callers that place "telemarketing" calls. *See* discussion at pp. 9-11, *supra*.

Section 227(c)(5) of the TCPA creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" under the subsection, which governs the Do Not Call Registry. *Camunas*, U.S. Dist. LEXIS 214217 at *4 (citing 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)). Notably, as Plaintiff acknowledges on the face of his Amended Complaint: "The TCPA and its implementing regulations prohibit the initiation of **telephone solicitations** to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that **makes** those calls, or **'on whose behalf'** such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)." *See* Amended Complaint at ¶ 19 (emphasis added); *see also Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019) (dismissing, the court reasoned: "[t]he private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers.") (citations omitted).

Under § 64.1200(c), "[n]o person or entity shall initiate any **telephone solicitation** to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations". 47 C.F.R. § 64.1200(c)(2) (emphasis added). Parallel to the TCPA, § 64.1200's definition of "telephone solicitation" does not include an offer to purchase real estate.[5] Pursuant to § 64.1200(d), "[n]o

---

[5] Section 64.1200(f) defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of **encouraging the purchase or rental of, or investment in, property, goods, or services**, which is transmitted to any person". 47 C.F.R. § 64.1200(f)(15) (emphasis added).

person or entity shall initiate any **call for telemarketing purposes** to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d)(1) (emphasis added).  Section 64.1200's definition of "telemarketing" is substantially similar to its definition of "telephone solicitation", and thus does not include an offer to purchase real estate.[6]  Further, § 64.1200(d) provides that "[n]o person or entity shall initiate **any call for telemarketing purposes** to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d)(6) (emphasis added).

Thus, § 64.1200 expressly prohibits initiating a "telephone solicitation" or telemarketing call to a "residential telephone subscriber".  47 C.F.R. §§ 64.1200(c)(2) and (d)(6); *see also In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 314 (3d Cir. 2010), *as amended*, (May 7, 2010) ("Generally, where the text of a statute is unambiguous, the statute should be enforced as written and '[o]nly the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language.'") (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)).

The Court has recognized that "the FCC's regulations regarding implementing the TCPA, which were published after the enactment of the Do Not Call Implementation Act, state that **'calls that do not fall within the definition of 'telephone solicitation' in the TCPA 'will not be precluded by the national do-not call list."**  *Camunas*, 2021 U.S. Dist. LEXIS 214217 at *17-

---

[6] Section § 64.1200, defines "telemarketing" as "the initiation of a telephone call or message for the purpose of **encouraging the purchase or rental of, or investment in, property, goods, or services**, which is transmitted by any person."  47 C.F.R. § 64.1200(f)(13) (emphasis added).

18 (granting defendant's motion to dismiss plaintiff's second amended complaint with prejudice in regards to defendant's TCPA exempt messages) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Rep. & Order, 18 FCC Rcd. 14014, at 14039-40 ¶ 37 (2003), 2003 WL 21517853, at *14)) (emphasis added).  It therefore follows that the four calls at issue, none of which "fall within the definition of 'telephone solicitation' in the TCPA", were not precluded by the National Do Not Call List.  *Id.*

Consequently, Count Three fails because Plaintiff fails to sufficiently plead that the any of the calls at issue were "telephone solicitations" or "telemarketing" calls as defined by the TCPA and its implementing statute.

### F.  Plaintiff Fails to Plead Facts Sufficient to Establish any "Willful" or "Knowing" Violation of the TCPA.

Plaintiff's attempt to justify treble damages likewise fails because, in conclusory fashion, Plaintiff merely pleads that the purported (and nonexistent) TCPA violations were "willful and/or knowing" or "knowing and/or willful."  *See* Amended Complaint at ¶¶ 102, 113.  Similar to Plaintiff's other allegations, such bare assertions are insufficient under federal pleading standards and do not prevent dismissal.  *Lucas v. Monitronics Int'l, Inc.*, 2020 WL 6440255, at *2, n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages for a motion for default judgment, holding "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation") (citing *Twombly*, 550 U.S. at 555).

Courts have held that, to plead a knowing or willful violation of the TCPA, "a plaintiff must establish that the defendant 'kn[e]w [that they were] performing the conduct that violates the statute.'"  *Spears v. N. Am. Holdings, LLC*, 2016 WL 8999462, at *5 (M.D. Fla. Aug. 31, 2016) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (citation omitted)).  "Although the Third Circuit has not yet addressed the 'willful or knowing' requirement,

districts courts within the Third Circuit have required more than a mere showing that the transmission of a fax [or, as here, a phone call] was itself intentional to warrant treble damages." *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 570 (E.D. Pa. 2019) (citations omitted); *KHS Corp. v. Singer Financial Corp.*, 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) (citing *Lary*, 780 F.3d at 1106-1107).

Here, where Plaintiff fails to plead sufficient facts establishing that the calls at issue were "telephone solicitations" or "telemarketing", fails to plead sufficient facts establishing that either Defendant "physically" placed calls that violated the TCPA, and fails to plead that Defendants are in an agency relationship with callers that placed "telephone solicitations" or "telemarketing" calls: Plaintiff also fails to plead facts that establish Defendants were aware of any conduct that violated the TCPA; that Defendants acted intentionally in placing calls that violated the TCPA; or that Defendants knew that the calls violated the TCPA (which they did not). Thus, Plaintiff's conclusory allegations that attempt to justify treble damages do not satisfy federal pleading standards and should also be dismissed. *See Lucas*, 2020 WL 6440255 at *2, n.3; *Mauthe*, 387 F. Supp. 3d at 570; *KHS Corp.*, 376 F. Supp. 3d at 530.

## II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION UNDER THE PENNSYLVANIA TELEMARKETER REGISTRATION ACT.

Beyond conclusory allegations and speculation, the Amended Complaint lacks any facts establishing that either Defendant is a telemarketer or that Defendants are engaged in the business of telemarketing. Therefore, Plaintiff's Count Two fails because the PA Telemarketer Registration Act is inapplicable here where none of the calls constitute telemarketing, and Defendants are not telemarketers. Accordingly, the Amended Complaint should be dismissed under Rule 12(b)(6) for this additional reason.

Pursuant to the Act, "telemarketing" is defined as "a plan, program or campaign which is **conducted to induce the purchase of goods or services** or to solicit contributions for any charitable purpose, charitable promotion or for or on behalf of any charitable organization, by use of one or more telephones and which involve more than one telephone call." 73 Pa. C.S. § 2242 (emphasis added). Additionally, "telemarketer" is defined as "[a]ny person or business which, **in connection with telemarketing**, initiates or receives telephone calls to or from a consumer in this Commonwealth, or when the person or business acting in connection with telemarketing is located within this Commonwealth when such calls are initiated or received." *Id.* (emphasis added). "Together, 73 Pa. Stat. Ann. § 2243(a) and (b) require a telemarketer or telemarketing business to register with the Pennsylvania Attorney General at least 30 days prior to offering for sale goods or services through any medium, and make it unlawful for any telemarketer or telemarketing business to initiate or receive a telephone call from a consumer in connection with the purchase of consumer goods unless so registered." *Commonwealth v. Peoples Benefit Servs.*, 923 A.2d 1230, 1238, n.16 (Pa. Cmwlth. 2007) (denying summary judgment on § 2243 claim because there was an issue of fact as to whether the marketer was a telemarketer).

Plaintiff concedes, on the face of his Amended Complaint, Defendants are not telemarketers or engaged in the business of "telemarketing" as defined by the PA Telemarketing Registration Act, but instead that Defendants are real estate investors who seek individuals interested in "selling their homes". *See* Amended Complaint at ¶¶ 23, 26-27, and 59; 73 Pa. C.S. § 2242; *Peoples Benefit Servs.*, 923 A.2d at 1238, n.16. Because Defendants are not telemarketers or engaged in "telemarketing", the PA Telemarketing Registration Act does not require that they register as telemarketers.

27

## CONCLUSION

For the foregoing reasons Defendants Ramy Khalil and Jihan Ghanim respectfully request that the Court issue an order dismissing Plaintiff's Amended Complaint in its entirety, with prejudice as further amendment would be futile.


Dated:  August 12, 2022                                  Respectfully submitted,

                                                         ELLIOTT GREENLEAF, P.C.

                                                         /s/ Steven C. Tolliver, Jr.
                                                         FREDERICK P. SANTARELLI
                                                         Pennsylvania Bar No. 53901
                                                         STEVEN C. TOLLIVER, JR.
                                                         Pennsylvania Bar No. 327165
                                                         Union Meeting Corporate Center V
                                                         925 Harvest Drive, Suite 300
                                                         Blue Bell, PA 19422-1956
                                                         (215) 977-1000
                                                         FPSantarelli@elliottgreenleaf.com
                                                         sct@elliottgreenleaf.com

                                                         *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day the foregoing was caused to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon Plaintiff at the e-mail address listed below:

Andrew R. Perrong
andyperrong@gmail.com

DATED: August 12, 2022                           */s/ Steven C. Tolliver, Jr.*
                                                  Steven C. Tolliver, Jr.